# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00162-CV

**Donald Ray McCray, Appellant**

**v.**

**Lee Glass, Appellee**

## FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
## NO. D-1-GN-07-000841, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Donald Ray McCray, proceeding pro se, filed a notice of appeal on March 25, 2022. However, McCray has been designated a vexatious litigant and is on the State of Texas' list of vexatious litigants compiled by the Office of Court Administration (OCA). *See* Tex. Civ. Prac. & Rem. Code §§ 11.101 (generally authorizing court to enter order prohibiting person from filing "a new litigation" pro se without permission from local administrative judge when court, after notice and hearing, finds that person is "vexatious litigant"), .104(b) (requiring OCA to "post on the agency's Internet website a list of vexatious litigants subject to prefiling orders"), .054 (listing criteria for finding plaintiff vexatious litigant); OCA List of Vexatious Litigants Subject to a Prefiling Order, available at https://www.txcourts.gov/judicial-data/vexatious-litigants/ (last visited May 18, 2022).

The OCA list reflects that McCray is subject to multiple prefiling orders, including one that was filed in Travis County in January 2015 specifically prohibiting him

from filing any new litigation without permission from a local administrative judge. *See* https://www.txcourts.gov/All_Archived_Documents/JudicialInformation/oca/pdf/vex/DRMcCray041708.pdf (last visited May 18, 2022); *see also* Tex. Civ. Prac. & Rem. Code §§ 11.102 (generally prohibiting vexatious litigant from filing "new litigation" without permission from local administrative judge), .103 (generally prohibiting clerk of court from filing "litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing"); *Douglas v. Government Emp. Ins. Co.*, No. 01-12-00129-CV, 2013 WL 1490497, at *1 (Tex. App.—Houston [1st Dist.] Apr. 11, 2013, no pet.) (mem. op.) (describing chapter 11 prefiling requirements for vexatious litigants); *Johnson v. Hughey*, No. 06-12-00079-CV, 2012 WL 4761546, at *1 (Tex. App.—Texarkana Oct. 5, 2012, no pet.) (mem. op.) (same).

By order dated April 8, 2022, we notified McCray that he was required to obtain the permission of the local administrative judge to file this appeal, provided him with the address of the local administrative judge, and ordered him within thirty days of the date of the order to demonstrate to this Court that he had obtained permission from the local administrative judge to file this appeal. *See* Tex. Civ. Prac. & Rem. Code §§ 11.101–.103. We also notified him that if he failed to comply with the order within 30 days, we would dismiss this appeal.

McCray has failed to demonstrate that he has obtained the local administrative judge's permission to file this appeal. Accordingly, we dismiss this appeal. *See Silver v. Abbott*, No. 03-19-00706-CV, 2019 WL 6139503, at *1 (Tex. App.—Austin Nov. 20, 2019, no pet.) (mem. op.) (dismissing appeal because vexatious litigant that was subject to prefiling order failed

to comply with chapter 11's requirement of obtaining local administrative judge's permission to file appeal).

 

 

 

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed

Filed: May 20, 2022